FILED'08 DEC 17 09:25USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JASON ANTHONY BROWN,           )
                               )
        Petitioner,            )       Civil No. 07-430-AA
                               )       OPINION AND ORDER
    vs.                        )
                               )
JEAN HILL, Superintendent,     )
Snake River Correctional       )
Institute,                     )
                               )
        Respondent.            )
_____)

Adam S. Arms
McKanna Bishop Joffe & Arms LLP
1635 NW Johnson Street
Portland, Oregon 97209
    Attorney for petitioner

Hardy Myers
Attorney General
Summer Gleason
Senior Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, Oregon 97301-4096
    Attorneys for respondent

AIKEN, Judge:

Page 1 - OPINION AND ORDER

Petitioner brings this federal habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging his criminal convictions on a total of 22 counts for sexual penetration, sexual abuse, sodomy, delivery of controlled substance to a minor, and furnishing alcohol to a person under 21 years of age on the grounds that petitioner received ineffective assistance of counsel. The petition is denied and this case is dismissed.

## BACKGROUND

Petitioner was indicted on June 11, 2002, in Lane County, Oregon for sexually offending the daughter of his former girlfriend between October 1999 and October 2000; and again in October 2001. In addition petitioner was accused of a series of charges relating to providing alcohol and marijuana to twelve, thirteen and fourteen year old girls in his apartment, and then sexually offending some of them. These charges were alleged to have occurred between September 2001 and May 2002. On October 29, 2002, petitioner was tried before a jury and convicted of all charges. The trial court ordered that the less serious charges involving the same victim run concurrently with the most serious charge against that victim. The court then imposed consecutive sentences for the most serious charges against each of the victims. Petitioner received a sentence totaling 436 months of imprisonment.

Petitioner directly appealed his convictions, but later

moved to dismiss the appeal which the Court of Appeals granted.

Petitioner then filed an Amended Petition for Post-Conviction Relief (PCR). Brown v. Hill, Malheur County Circuit Court Case No. 04-09-3888-M. He alleged eleven claims for relief regarding ineffectiveness of his trial counsel. The PCR court denied relief finding that petitioner had failed to met his burden of proof on his state and federal ineffective assistance of counsel claims. Petitioner then appealed the PCR court judgment to the Court of Appeals. Brown v. Hill, (A129645). On motion of the respondent, the Oregon Court of Appeals summarily affirmed the PCR court's judgment because petitioner had failed to present a substantial question of law on appeal. Petitioner then sought review in the Oregon Supreme Court. That Court also denied review.

Petitioner argues that his conviction should be overturned due to ineffective assistance of trial counsel. Specifically, petitioner argues that his trial counsel: (1) failed to adequately investigate six potential defense witnesses; (2) prevented petitioner from testifying on his own behalf at trial; and (3) failed to object to unlawful consecutive sentences.

## DISCUSSION

A.  Standard of Review for Writ of Habeas Corpus

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal courts must afford state court factual

Page 3 - OPINION AND ORDER

findings and legal rulings a defined measure of deference. See 28 U.S.C. §§ 2254(d), (e). A federal court may not grant a habeas petition regarding any claim "adjudicated on the merits" in state court, unless the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d). The Supreme Court construed this statutory text as a "command that a federal court not issue the habeas writ unless the state court was wrong as a matter of law or unreasonable in its application of law in a given case." Williams v. Taylor, 529 U.S. 362, 381 (2000).

In sum, federal courts are prevented from granting habeas relief to a state petitioner where the relevant decision is not "contrary to" or "an unreasonable application of" Supreme Court precedent. Crater v. Galaza, 491 F.3d 1119, 1126 (9th Cir. 2007). Further, a "merely erroneous" state decision does not warrant relief unless it is also "'an *unreasonable application*' of clearly established federal law." Early v. Packer, 537 U.S. 3, 11 (2002)(emphasis in original).

B. Procedural Default and Ineffective Assistance of Counsel

The respondent argues that petitioner's allegations of ineffective assistance of counsel are procedurally defaulted, and

Page 4 - OPINION AND ORDER

even if considered on the merits, should fail. The court finds no merit to petitioner's ineffective assistance of counsel claims, therefore the court need not consider respondent's arguments concerning procedural default. See 28 U.S.C. § 2254(b)(2)("[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

The Supreme Court held that in order to establish ineffective assistance of counsel, a convicted defendant must show: (1) that counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984).

Upon review of petitioner's ineffective assistance of counsel claims, this court reaches the same conclusion as the post-conviction court. The purpose of the effective assistance requirement is "to protect the fundamental right to a fair trial." Id., at 684. "The essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." Kimmelman v. Morrison, 477 U.S. 365, 374 (1986). Accordingly, "[t]he benchmark for judging any claim of ineffectiveness must be

Page 5 - OPINION AND ORDER

whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686. Thus, the ultimate question is not whether the defendant would more likely than not have received a different verdict but whether he received a fair trial, the result of which is reliable. Id. at 687.

   1. FAILURE TO CALL SIX POTENTIAL WITNESSES

   Petitioner alleges that trial counsel's performance was deficient in that she failed to call six potential witnesses in his defense.

   First, petitioner's exhibits and affidavits submitted for the first time to this court will not be admitted. Petitioner has not sought leave to expand the record, nor has he demonstrated that he could not have presented this evidence to the state court through the exercise of "due diligence." See Rule 7 of the Rules Governing Section 2254 cases. Further, habeas petitioners are not entitled to expand the record under Rule 7 with new evidence that supports the merits of their claims unless they demonstrate that they are entitled to an evidentiary hearing pursuant to 28 U.S.C. § 2254(e)(2). Cooper-Smith v. Palmateer, 397 F.3d 1236, 1241 (9th Cir.), cert. denied, 546 U.S. 944 (2005). Petitioner is not entitled to an evidentiary hearing. Further, I find that if petitioner had exercised "due diligence," he could have offered his exhibits A through D and

Page 6 - OPINION AND ORDER

the affidavits during his state court proceedings. See Williams, 529 U.S. at 362 ("Federal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings"). Finally, even assuming that facts petitioner wishes to develop are true, they are not sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found petitioner guilty as requested by 28 U.S.C. § 2254(e)(2)(B). Specifically, I find no evidence that counsel's handling of the six potential witnesses fell below an objective standard of reasonableness, nor was there a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

2. FAILURE TO ALLOW PETITIONER TO TESTIFY AT TRIAL

Petitioner next alleges that trial counsel was deficient because she failed to allow petitioner to testify in his own defense at trial. The record in this case does not support relief. In support of his post-conviction claim, petitioner testified in his deposition that he "agreed with trial counsel's advice not to testify," and trial counsel "never said that she was going to refuse to allow you [to testify]." Resp.'s Ex. 124, p. 28. Instead, trial counsel "pleaded" with petitioner not to testify, and told petitioner, "I strongly suggest you don't [testify.]". Id. at p. 27. The decision not to have petitioner testify was a tactical decision by petitioner's attorney.

Page 7 - OPINION AND ORDER

According to petitioner's deposition testimony, trial counsel did not want him to testify because she was concerned about petitioner being subjected to cross-examination. Id. at p. 27-28. The attorney's tactical decision was heeded by the petitioner. Id. There is no evidence in the record that petitioner made any objections or provided any notice to the court at the time of trial that petitioner wished to testify on his own behalf. I do not find the Strickland standards met here. Specifically, I do not find that there is a reasonable probability that, but for counsel's unprofessional "errors", the result of the proceeding would have been different. Strickland, 466 U.S. at 694 (noting that a "reasonable probability" is one which is sufficient to undermine confidence in the outcome of the trial). Plaintiff's claim for ineffective assistance of counsel due to petitioner not testifying on his own behalf at trial is denied.

3. FAILURE TO OBJECT TO CONSECUTIVE SENTENCES

Finally, petitioner alleges that trial counsel was deficient because she failed to object to the consecutive sentences imposed by the court. The PCR court's denial of relief on this claim was not contrary to or an unreasonable application of clearly established law. There is currently no clearly announced Supreme Court law holding that consecutive sentences violate Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). The general sentencing rules announced in Blakely v. Washington, 542 U.S. 296 (2004) and

Page 8 - OPINION AND ORDER

its progeny are not retroactive. <u>Schardt v. Payne</u>, 414 F.3d 1025 (9th Cir. 2005)(<u>Blakely</u> not retroactive). The Court is, however, considering this issue for the first time this term in <u>State of Oregon v. Ice</u>, 343 Or. 248 (2007), <u>cert. granted</u>, 128 S.Ct. 1657 (U.S. Mar. 17, 2008).

Petitioner's claim for ineffective assistance of counsel is denied on this claim.

## CONCLUSION

Under the Antiterrorism and Effective Death Penalty Act, this court must defer to the decision of the post-conviction court. Petitioner's trial counsel's representation was not constitutionally deficient, nor did petitioner affirmatively prove actual prejudice as required by <u>Strickland</u>. Therefore, petitioner's habeas corpus petition pursuant to 28 U.S.C. § 2254 (doc. 20) is denied. This case is dismissed.

IT IS SO ORDERED.

Dated this 14 day of December 2008.

_____
Ann Aiken
United States District Judge